United States Courts
Southern District of Texas
FILED

JUN 2 5 2007

N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | CRIMINAL NO. H-07- |
| | § | |
| SANDRA WASHINGTON JOHNSON | § | |

**INFORMATION**   H 07 -262

THE UNITED STATES ATTORNEY CHARGES THAT:

## INTRODUCTION

At all times material herein:

1. The Hartford Insurance Company(The Hartford) was based in Hartford, Connecticut and provided workers compensation coverage to employers and employees for employment related injuries.

2. **Sandra Washington Johnson** was employed by The Hartford Insurance Company in Houston, Texas as a Level III adjuster with authority to issue settlement checks in workers compensation claims. She also controlled a business called C. Johnson Claims Service.

3. Theresa Williams owned and/or controlled clinics called Chiropractic Injury & Rehab and Antioch Pain and Wellness Center, both located in Houston, Texas.

4. Diane Winzer owned and/or controlled clinics called Brighter Days Outpatient Rehab and Amigos Accident & Work Injury Clinic, both located in Houston, Texas, and claimed to own a clinic called Total Rehab of Monroe located in Monroe, Louisiana.

5. Eric Amoako was the former owner of a clinic called Gulfway Medical located in Groves, Texas.

6. Deandrea S. Wade was an employee and bank account signor for Amigos Accident

& Work Injury Clinic.

7.  Shellie N. Winzer was an employee and bank account signor for Brighter Days Outpatient and Rehab.

## COUNT 1
### (Conspiracy to Launder Funds - 18 U.S.C. §1956(h))

**A.  INTRODUCTION**

1.  The allegations in paragraphs 1-7 of the Introduction of this Information are hereby adopted, realleged, and incorporated as if set out fully herein.

**B.  THE CONSPIRACY AND ITS OBJECTS**

2.  Beginning on or about September 1, 2005, and continuing through at least June 7, 2006, in the Houston Division of the Southern District of Texas, and elsewhere,

**SANDRA WASHINGTON JOHNSON,**

defendant herein, together with other persons known and unknown to the grand jury, did unlawfully and knowingly combine, conspire, confederate, and agree with others, to conduct financial transactions which involved proceeds of a specified unlawful activity, that is: checks were written from the bank accounts of businesses to "Charlie Johnson" and "C. Johnson Claims Service", using funds obtained as a result of a scheme to defraud The Hartford Insurance Company, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is, acts chargeable as mail fraud under Title 18, U.S.C. §1341, and knowing that the transactions were designed in whole or in part to promote the carrying on of such specified unlawful activity, and to conceal and disguise the nature, source, ownership and control of the proceeds of specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I)

and (B)(I).

## C. THE MANNER AND MEANS OF THE CONSPIRACY

3. The defendant would and did authorize fraudulent workers compensation payments to be made from The Hartford to clinics owned or controlled by co-conspirators.

4. The defendant would and did cause The Hartford to mail fraudulent payments from The Hartford's main office in Hartford, Connecticut to the clinics owned or controlled by the co-conspirators.

5. The co-conspirators would and did kickback money in the form of checks from the clinics to the defendant who had authorized the fraudulent workers compensation payments.

## D. OVERT ACTS

6. In furtherance of the conspiracy, and to effect the objects thereof, the defendant and the co-conspirators performed and caused to be performed, in the Southern District of Texas and elsewhere, among others, the following overt acts:

| OVERT ACT | DATE | AMOUNT OF CHECK | PAYOR | PAYEE LISTED ON CHECK | DISPOSITION OF FUNDS |
|---|---|---|---|---|---|
| 1 | January 17, 2006 | $62,373.25 | Chiropractic Injury and Rehab | Charlie Johnson | Converted to cashier's check |
| 2 | January 17, 2006 | $5,954.00 | Brighter Days Outpatient Rehab | Charlie Johnson | Deposited to Charles Thomas Johnson, Jr., dba C. Johnson Claim Service account |
| 3 | January 23, 2006 | $20,473.00 | Amigos Accident & Work Injury Clinic | C. Johnson Claims Service | Deposited to Charles Thomas Johnson, Jr., dba C. Johnson Claim Service account |
| 4 | January 26, 2006 | $52,080.46 | Eric Amoako | C. Johnson Claims Service | Deposited to Charles Thomas Johnson, Jr., dba C. Johnson Claim Service account |
| 5 | February 13, 2006 | $34,265.49 | Winzer Total Rehab | Charlie Johnson | Cashed |
| 6 | February 15, 2006 | $11,658.66 | Amigos Accident & Work Injury Clinic | Charlie Johnson | Deposited to Charles Thomas Johnson, Jr., dba C. Johnson Claim Service account |
| 7 | February 21, 2006 | $27,030.00 | Chiropractic Injury and Rehab | C. Johnson Claims Service | Cashed |
| 8 | February 23, 2006 | $3,250.00 | Chiropractic Injury and Rehab | Charlie Johnson Claims | Cashed |
| 9 | April 15, 2006 | $5,000.00 | Winzer Total Rehab | Charlie Johnson | Cashed |

In violation of Title 18, United States Code, Section 1956(h).

## COUNT 2
### (Mail Fraud - 18 U.S.C. §§1341 and 2)

**A.     INTRODUCTION**

1.     The allegations in paragraphs 1-7 of the Introduction of this Information are hereby adopted, realleged, and incorporated as if set out fully herein.

**B.     SCHEME TO DEFRAUD**

2.     Beginning on or about September 1, 2005, and continuing through at least June 7, 2006, in the Houston Division of the Southern District of Texas, and elsewhere,

**SANDRA WASHINGTON JOHNSON,**

defendant herein, aided and abetted by others known and unknown to the grand jury, did knowingly devise and intend to devise a scheme and artifice to defraud The Hartford Insurance Company, and to obtain money and property by false and fraudulent pretenses, representations and promises, all as more fully set forth below.

**C.     THE MANNER AND MEANS OF THE SCHEME TO DEFRAUD**

3.     Among the manner and means by which the defendant sought to accomplish and did accomplish the purpose of the scheme to defraud were the acts set forth in paragraphs 3 through 5 of Count One of this Information, hereby re-alleged and incorporated as if fully set forth in this count.

**D.     EXECUTION OF THE SCHEME TO DEFRAUD**

4.     On or about January 16, 2006, in the Houston Division of the Southern District of Texas, and elsewhere, for the purpose of executing the scheme and artifice to defraud The Hartford Insurance Company, and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and intending to do so, the defendant knowingly sent or caused to be

delivered through the United States Mail or by any private or commercial interstate carrier, according to the directions thereon, to Houston, Texas, metropolitan area, in the Southern District of Texas, a check in the amount of $40,947.25 from The Hartford Insurance Company to Amigos Accident and Work Injury.

In violation of Title 18, United States Code, Sections 1341 and 2.

## NOTICE OF FORFEITURE
(18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461)

Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)©, the United States gives notice that the defendant,

### SANDRA WASHINGTON JOHNSON,

shall forfeit to the United States all property which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1341, or a conspiracy to commit such offense, as charged in Count 1 of the Criminal Information. The property subject to forfeiture, includes, but is not limited to, the following property: About $1,717,737.62 in United States Dollars.

## SUBSTITUTE ASSETS

In the event that the property subject to forfeiture as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been placed beyond the jurisdiction of the Court;

c. has been transferred or sold to, or deposited with a third party;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the

value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461.

                                      DONALD J. DeGABRIELLE, JR.
                                      United States Attorney

By:    _____
         Jay Hileman
         Assistant United States Attorney
         (713)567-9391